The STATE, use of William Hukill's adm'r. *vs.* SARAH CORNWELL, et al.

An administration account is not evidence that the payment of debts is in due order. Suit may be sustained for a misapplication of assets, without excepting to such account.

This was an action of debt on an administration bond, given by the defendant as administratrix, to the Orphans' Court, on the granting of an order by that court for the sale of her intestate's real estate for the payment of debts.

The question in the case was, whether the administratrix had applied the proceeds of sale to the debts, according to their legal priority.

Hukill's judgment against the administratrix was prior to the order of sale, as appeared from her statement to the Orphans' Court, in which two other claims, those of Thomas Deakyne and William Donoho were set down as open accounts. In her account before the register, of the administration of the proceeds of sale, she received a credit for the payment of Deakyne and Donoho's claims as *judgments*, and also for cash paid to John Cornwell "a proved acccount."

The plaintiff insisted that his judgment was entitled to priority of each of these.

For the defendant it was said, that the account passed before the register was the proper evidence of the grade of these debts. The register had given Cornwell's account a preference over all the judgments, which was conclusive that it must have been for *wages,* or other claim preferred by the law. This account also shows that the demands of Deakyne and Donoho were *judgments* which, being preferred by the register, must have been of equal or superior dignity

to Hukill's. If only of equal dignity, the administratrix had the right to give a preference.

*Per Curiam.*—The act prescribing the mode of selling intestate· lands for payment of debts, requires the administrator to exhibit a true list of debts; and it must be taken to be true until the contrary appear. This list states these debts to be *accounts.* We must take them to have been such. The account before the register states them as judgments; we must take that to be so also, until the contrary appear; but it is not inconsistent with the statement before the Orphans' Court. It shows that the judgment was recovered after that statement.

Now, the account before the register is evidence that such debts were paid, and that there was proof of such payment before the register; that is all which the decree of the register purports to ascertain. But it is not evidence that the payments are in due order. The register could not know of outstanding debts. A prior judgment creditor may recover against an administrator for a misapplication of assets, without excepting to the administration account.

The evidence, therefore, furnished by these statements before the Orphans' Court and account before the register is, that the judgments of Deakyne and Donoho, though recovered against the administrator, as was Hukill's also, were subsequent to Hukill's in point of time; and the act (*Dig.* 234,) requires these funds to be applied as personal assets according to priority. None of the judgments are liens; all being judgments before justices of the peace.

As to Cornwell's account, if it appeared that it was for servant's wages it would have a preference; but this does not appear.

Verdict for plaintiff.

*Rodney*, for plaintiff.
*Gray*, for defendant.